UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIAN O. M.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | CASE NO. 3:19-CV-5412 - DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he improperly discounted Dr. Samuel Coor's opinion. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On March 31, 2016, Plaintiff filed an application for DIB, alleging disability as of March 4, 2012, with an amended onset date of September 1, 2014. *See* Dkt. 8, Administrative Record ("AR") 23. The application was denied upon initial administrative review and on reconsideration. *See* AR 23. A hearing was held before ALJ Allen G. Erickson on June 27, 2017. *See* AR 42-108. In a decision dated December 15, 2017, the ALJ determined Plaintiff to be not disabled. *See* AR 37. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 22; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) evaluating the medical evidence; (2) considering the Veterans Affairs ("VA") Rating Decision ("VA Rating"); (3) evaluating Plaintiff's subjective symptom testimony; and (4) determining Plaintiff's RFC. Dkt. 13.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.    Whether the ALJ properly considered the medical evidence.**

Plaintiff contends the ALJ erred by improperly weighing the opinions of Drs. Coor and Alexander Patterson. Dkt. 13, pp. 2-4.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A. <u>Dr. Coor</u>

In July 2016, Dr. Coor examined Plaintiff and opined he could sit for an hour at a time and stand/walk for thirty minutes at a time. AR 1400. Dr. Coor opined Plaintiff could rarely stoop or kneel and could never crawl. AR 1400.

The ALJ rejected the portions of Dr. Coor's opinion that Plaintiff could sit for an hour at a time, must limit his standing/walking to thirty minutes at a time, and had postural limitations:

> I have considered this assessment but find it both too restrictive and not restrictive enough. The claimant's physical limitations are best limited to the sedentary exertional level. The claimant told Dr. Coor that he spent the majority of his day watching television and sitting around. (1) I find insufficient evidence in the record or Dr. Coor's exam to limit the claimant's sitting capacity to an hour at a time. I also agree that given the claimant's neck, back, and left ankle impairments, he cannot stand/walk for more than 2 hours total per day, but I find insufficient evidence that he must limit his standing/walking to 30 minutes at one time. I therefore reject those portions of Dr. Coor's assessment.

….

      (2) I give very little weight to the doctor's assessment of the claimant's postural capacity, however, given his largely benign exam findings throughout the record and on Dr. Coor's exam.

AR 35 (citations omitted) (numbering added).

The ALJ first dismissed these portions of Dr. Coor's opinion because of insufficient supporting evidence in the record. AR 35. In doing so, the ALJ did not provide any reasoning in support of his conclusion. *See generally* AR 35. The ALJ agreed that Plaintiff has neck, back, and left ankle impairments which limit his standing/walking to two hours total per day yet does not explain how these impairments provide insufficient support to Dr. Coor's opinion regarding Plaintiff's sitting/standing/walking capacity. Instead, the ALJ has simply provided his own interpretation of the medical data from the July 2016 consultation. *See Nguyen v. Chater*, 172 F.3d 31, 35 (9th Cir. 1999) ("As a lay person, however, the ALJ was simply not qualified to interpret raw medical data in functional terms…"); *see also Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor. The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong") (internal citations omitted). Without more analysis, the Court is unable to determine whether the ALJ's reason is supported by substantial evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence"). Accordingly, the ALJ's first reason to discount the portions of Dr. Coor's opinion that Plaintiff could sit for an

hour at a time and must limit his standing/walking to thirty minutes at a time is not specific and legitimate and supported by the record.

Second, the ALJ discounted the portion of Dr. Coor's opinion regarding Plaintiff's postural capacity "given [Plaintiff's] largely benign exam findings throughout the record and on Dr. Coors exam." AR 35. The ALJ did not specify which exams he meant, nor did he mention any part of Dr. Coor's exam that is inconsistent with this portion of Dr. Coor's opinion. Without more, this is conclusory. *Treichler*, 775 F.3d at 1103. Thus, the ALJ's second reason for discounting this portion of Dr. Coor's opinion is not specific and legitimate and supported by substantial evidence.

Next, the ALJ discussed the portion of Dr. Coor's opinion regarding Plaintiff's ability to stoop, kneel, and crawl and dismissed it, saying:

> (1) The doctor himself noted that the claimant's knee complaints had no clear etiology. The claimant did not seek treatment for a knee impairment, and none is established by objective or clinical findings. (2) Furthermore, I do not find that the claimant's neck or back impairments restrict these postural activities beyond the occasional basis.

AR 35 (numbering added) (citations omitted).

First, the ALJ discounted this portion of Dr. Coor's opinion because it is not supported by objective medical evidence in the record. AR 35. In his evaluation of Plaintiff, Dr. Coor interviewed Plaintiff, reviewed his health history, conducted a physical examination, observed his coordination and gait, and tested Plaintiff's muscle strength. AR 1396-1400. Although Dr. Coor did not identify any past problems with Plaintiff's knee, he did note pain in his knee and opined Plaintiff should rarely stoop or knee and should never crawl. *See* AR 1396, 1400. The ALJ merely noted that Plaintiff did not seek treatment for a knee impairment and that Plaintiff's knee impairment is not established by objective or clinical findings and provided no

further analysis or reasoning in support. *See* AR 35. An ALJ is required "to build an accurate and logical bridge from the evidence to [his] conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). Here, the ALJ again failed to provide any reasoning in support of his conclusion. Without more information, the Court is unable to determine whether the ALJ's reason is supported by substantial evidence. *See Treichler*, 775 F.3d at 1103. Thus, the ALJ's first reason for dismissing the portion of Dr. Coor's opinion regarding Plaintiff's ability to stoop, kneel, and crawl is not specific and legitimate and supported by substantial evidence.

Second, the ALJ discounted the portion Dr. Coor's opinion that the claimant's neck or back impairments restrict these postural activities beyond the occasional basis. But the ALJ provided no basis for his conclusion. Without providing more, the ALJ's reasoning is conclusory. *See Hess v. Colvin*, No. 14–8103, 2016 WL 1170875, at *3 (C.D. Cal. Mar. 24, 2016) (an ALJ merely offers her conclusion when her statement "stands alone, without any supporting facts…"). Thus, the ALJ's second reason for discounting this portion of Dr. Coor's opinion is not specific and legitimate and supported by substantial evidence.

For the above stated reasons, the Court concludes the ALJ failed to provide specific, legitimate reasons supported by substantial evidence for dismissing Dr. Coor's opinion. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific

application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ given great weight to Dr. Coor's opinion, the ALJ may have included additional limitations in the RFC. For example, Dr. Coor opined Plaintiff could rarely stoop or kneel and could never crawl. AR 1400. In contrast, in the RFC, the ALJ limited Plaintiff to occasional stooping, kneeling, and crawling. *See* AR 28. Therefore, if Dr. Coor's opinion was given great weight and additional limitations were included in the RFC and in the hypothetical questions posed to the vocational expert ("VE"), the ultimate disability determination may have changed. Accordingly, the ALJ's errors are not harmless and require reversal.

B. <u>Dr. Peterson</u>

Dr. Peterson performed a psychological consultative examination for the Plaintiff on August 8, 2016. AR 1403-1407. Dr. Peterson opined Plaintiff's "functional limitations are primarily due to his physical health, not due to psychological factors" and "if [his] health problems were to improve, his anxiety and mood symptoms would likely improve." AR 1406. Dr. Peterson did not identify any vocational restrictions attributable to Plaintiff's mental health impairments. *See* AR 1406-1407. The ALJ largely agreed with Dr. Peterson's opinion, and also concluded Plaintiff should be further restricted to understanding, remembering, and applying detailed, but not complex instructions. AR 36. Plaintiff asserts the ALJ erred by failing to acknowledge Dr. Patterson's findings that Plaintiff: had an anxious mood, with a congruent effect; had difficulty with recent memory; and had mild problems with concentration during the evaluation. Dkt. 15, p. 4. Plaintiff further asserts the ALJ failed to provide any explanation for why he did not account for these findings in the RFC. Dkt. 15, pp. 4-5.

1       Dr. Peterson noted Plaintiff had anxiety and mild concentration and memory deficits.
*See* AR 1406. But, after conducting the evaluation of Plaintiff which included a mental status examination, Dr. Peterson did not identify any vocational restrictions attributable to his mental health impairments. AR 1406. Plaintiff interprets Dr. Peterson's medical record in a way that would require including functional limitations in the RFC. Thus, Dr. Peterson's opinion is susceptible to more than one rational interpretation. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Additionally, an ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). Accordingly, because the opinion is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. Further, although the ALJ did not discuss Dr. Peterson's opinion in its entirety, he was not required to do so. Thus, because Plaintiff alleges no other error, and because the ALJ's reasoning was specific and legitimate and supported by substantial evidence, the Court upholds his treatment of Dr. Peterson's opinion.

      C. <u>Other medical evidence</u>

      Plaintiff cites an exhaustive list of medical opinions in the record and asserts that because these opinions constitute significant probative evidence, the ALJ erred by failing to properly evaluate "all of the medical evidence." Dkt. 13, pp. 7-8. Plaintiff says this evidence, considered in its entirety, is consistent with Plaintiff's own testimony. Dkt. 13, p. 7. Given the lack of specificity in Plaintiff's argument, Plaintiff has failed to demonstrate any harmful error on the other medical evidence. *See Bailey v. Colvin*, 669 Fed. Appx. 839, 840 (9th Cir. 2016) (citing *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012)) (finding no error where the claimant did not "demonstrate prejudice from any errors"). By failing to explain how the ALJ

erred with regard to each particular opinion, Plaintiff failed to show how the ALJ's alleged mistreatment of this evidence was consequential to the RFC and the ultimate disability determination. The Court therefore rejects Plaintiff's conclusory argument. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692, n. 2 (9th Cir. 2009) (rejecting "any invitation" to find error where the claimant failed to explain how the ALJ harmfully erred); *see also Carmickle*, 533 F.3d 1155 at 1161 (citation and internal quotation omitted) (the court "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief").

**II.      Whether the ALJ properly considered the VA Rating.**

A determination by the VA about whether a claimant is disabled is not binding on the SSA; however, an ALJ must consider the VA's determination in reaching his decision. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002); 20 C.F.R. § 404.1504. Further, the ALJ "must ordinarily give great weight to a VA determination of disability." *McCartey*, 298 F.3d at 1076. This is because of "the marked similarity" between the two federal disability programs. *See id.* (describing similarities in the programs). However, "[b]ecause the VA and SSA criteria for determining disability are not identical," the ALJ "may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.* (citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001).

Here, the VA rated Plaintiff as 100% disabled, based on several conditions, including lower extremity radiculopathy, cervical spine intervertebral disc syndrome, gastroesophageal reflux diseases ("GERD"), shoulder osteoarthritis, tinnitus, and adjustment disorder with anxiety. AR 381-383. Plaintiff asserts that the ALJ failed to acknowledge that Plaintiff was

found to be 100% disabled by the VA, and that this failure "tainted his entire evaluation of this evidence." Dkt. 13, p. 5. But the ALJ provided specific and valid reasons which are supported by the record for discounting the VA's rating when he determined the vast majority of impairments the VA considered in its disability rating were either not medically determinable or were effectively controlled with medication. *See* 20 C.F.R. § 404.1520(a)(4)(ii) (an "impairment" must be "medically determinable" to be "severe"); *see also Rebensdorf v. Berryhill*, 773 F. Appx 874, 877 (9th Cir. 2019) (it is appropriate for an ALJ to assign little weight to a VA rating if the claimant's symptoms are controlled with medication). For example, the ALJ lists tinnitus as an example of an impairment that was not medically determinable and cites to two places in the record which indicate Plaintiff had no fluid in his ears and had bilaterally normal external auditory canals. AR 875, 1170. The ALJ also noted Plaintiff's GERD was treated successfully with medication and cited to the record in support. *See* AR 708, 1464. Accordingly, the ALJ has provided persuasive, specific, and valid reasons supported by the record for discounting the VA rating.

While the ALJ provided other reasons to discount the VA rating, the Court declines to consider whether these remaining reasons contained error, as any error would be harmless because the ALJ gave a persuasive, specific, and valid reason to discount the rating. *See* AR 33-34; *Presley-Carrillo v. Berryhill*, 692 F. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle*, 533 F.3d at 1162) (noting that although an ALJ erred with regard to one reason he gave to discount a medical source, "this error was harmless because the ALJ gave a reason supported by the record" to discount the source). Accordingly, the Court finds the ALJ properly discounted the VA rating.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 10

### III. Whether the ALJ properly evaluated Plaintiff's testimony.

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about his symptoms and limitations. Dkt. 13, pp. 8-13. The Court concludes the ALJ committed harmful error in assessing Dr. Coor's opinion and must re-evaluate it on remand. *See* Section I, *supra*. Because Plaintiff will be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's subjective testimony, the ALJ must reconsider Plaintiff's testimony on remand.

### IV. Whether the ALJ properly determined Plaintiff's RFC.

Plaintiff asserts the ALJ erred in assessing his RFC and finding him not disabled at Step 5 of the sequential evaluation process because the RFC and hypothetical questions to the VE did not contain all Plaintiff's functional limitations. Dkt. 13, pp. 13-14. The Court concludes the ALJ committed harmful error when he failed to properly consider Dr. Coor's opinion and is directed to re-evaluate it on remand. *See* Section I, *supra.* The ALJ must therefore reassess the RFC on remand. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine*, 574 F.3d at 690 ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, he must also re-evaluate the findings at Step 5 to determine if there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the RFC. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the VE defective when the ALJ did not properly consider a doctor's findings).

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 23rd day of March, 2020.

_David W. Christel_
David W. Christel
United States Magistrate Judge